

# COMMONWEALTH of VIRGINIA

POST OFFICE BOX 2452  *Secretary of the Commonwealth*  RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

Ross Neely Systems, Inc.
1500 2nd Street
Birmingham, AL 35214

8/24/2020

Sherwood A. Mason

vs.

Ross Neely Systems, Inc.

**Summons and Complaint**
**Interrogatories and Requests for Production of Documents**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact the CLERK of the enclosed/below mentioned court or any attorney of your choice. Our office does not accept payments on behalf of debts. The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed papers to you.

COURT:

Richmond City Circuit Court
John Marshall Court Building
400 North 9th Street
Richmond, VA 23219

Service of Process Clerk
Secretary of the Commonwealth's
Office



# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Case No. ........................................................................

Commonwealth of Virginia  VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

........................ City of Richmond ........................................................................ Circuit Court

Sherwood A. Mason  v.  Ross Neely Systems, Inc. and David J. Craig

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:  [*] Summons and Complaint  [ ] Notice

[•] ................ Interrogatories and Requests for Production of Documents

I, the undersigned Affiant, state under oath that

[ ] the above-named defendant  [×] ................ Ross Neely Systems, Inc. ................

whose last known address is  [ ] same as above [×] ................ 1500 2nd Street, Birmingham, AL 35214 ................

1. [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).

2. [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

................ is the hearing date and time on the attached process or notice (if applicable)

07/27/2020
DATE

[ ] PARTY  [×] PARTY'S ATTORNEY  [ ] PARTY'S AGENT  [ ] PARTY'S REGULAR AND BONA FIDE EMPLOYEE

State of Virginia  [ ] City [×] County of Henrico

Acknowledged, subscribed and sworn to before me this day by S. Geoffrey Glick
PRINT NAME OF SIGNATORY

7/27/2020
DATE

Amy W Adams

[ ] CLERK  [ ] MAGISTRATE  [×] NOTARY PUBLIC

Notary Registration No. 256306  My commission expires: 3/31/21

[*] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of filing this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:

You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.

SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On ................ AUG 18 2020 ................, legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

AUG 18 2020

2. On ................................, papers described in the Affidavit and a copy of this Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

## NON-RESIDENCE GROUNDS REQUIREMENT:

If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth;

7. Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8(ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having *in personam* jurisdiction over such person; or

10. Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

## DUE DILIGENCE REQUIREMENT:

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has been unable, after exercising due diligence, to locate the person to be served.

## NON-RESIDENCE GROUNDS REQUIREMENT:

If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth;

7. Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8(ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having *in personam* jurisdiction over such person; or

10. Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

## DUE DILIGENCE REQUIREMENT:

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has been unable, after exercising due diligence, to locate the person to be served.

# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Summons

To: DAVID J CRAIG
SERVE:C/O KARI ELLIS,OFFICE OF
THE SECREATARY OF THE C/W
SERVICE OF PROCESS DEPT.
1111 EAST BROAD STREET, 4TH FL
RICHMOND VA 23219

Case No. 760CL20003563-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, July 30, 2020

Clerk of Court: EDWARD F JEWETT

by _____
(CLERK/DEPUTY CLERK)

Instructions:   SOC CHECK #89038 ($56.00; $28.00 X 2)

Hearing Official:

Attorney's name:   GLICK, S GEOFFREY
6806 PARAGON PLACE, SUITE 100
RICHMOND VA 23230
804.800.8000

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

SHERWOOD A. MASON,

           Plaintiff,

v.

           Case No.:
           Trial by Jury is Demanded

ROSS NEELY SYSTEMS, INC.,

    SERVE:    c/o Kari Ellis
                   Office of the Secretary of the Commonwealth
                   Service of Process Department
                   1111 East Broad Street, 4th Floor
                   Richmond, VA 23219
                   (City of Richmond)

and

DAVID J. CRAIG,

    SERVE:    c/o Kari Ellis
                   Office of the Secretary of the Commonwealth
                   Service of Process Department
                   1111 East Broad Street, 4th Floor
                   Richmond, VA 23219
                   (City of Richmond)

           Defendants.

## COMPLAINT

Plaintiff, Sherwood A. Mason, by counsel, for his Complaint, moves this Honorable Court to enter judgment for compensatory damages against the Defendants, Ross Neely Systems, Inc. and David J. Craig, jointly and severally, on the grounds and in the amount as set forth below:

1.     Plaintiff, Sherwood A. Mason ("Plaintiff"), is a resident of the Commonwealth of Virginia.

2.     Defendant Ross Neely Systems is an interstate motor carrier authorized by the Federal Motor Carrier Safety Administration, US DOT No: 507542, with its principal place of

business located at 1500 2nd Street, Birmingham, Alabama 35214.

3. Defendant David J. Craig ("Defendant Craig") was, at all material times, the driver of a 2015 Freight Cascadia tractor and trailer (the "Tractor Trailer") owned by Ross Neely Systems, Inc., Vehicle Plate No: IRP1844, Vehicle Identification No: 3AKJGLD68FSGG6395, and US DOT No: 507542.

4. This Court has proper jurisdiction over this matter pursuant to Virginia Code § 8.01-328.1. Venue is proper in this Court pursuant to Virginia Code § 8.01-262(2) because the defendants' agent to receive process has been appointed by operation of law in the City of Richmond, Virginia.

5. At all material times, Defendant Craig was acting as the employee, statutory employee, and agent of Defendant Ross Neely Systems, and was acting within the scope of the employment and agency, at the time of the incident that is the subject of this Complaint. Defendant Ross Neely Systems is vicariously liable for the negligent acts of Defendant Craig described in this Complaint.

6. On or about August 22, 2018, at approximately 2:10 p.m., in the course and scope of employment with Indevco Plastics, Inc. in the County of Hanover, Virginia, Plaintiff was operating a forklift on a loading dock of his employer. At the time of the Incident, he was using the forklift to load paper rolls weighing in excess of 1,000 pounds each, onto the Tractor Trailer operated by Defendant Craig.

7. At all material times, Defendant Craig had a duty to operate the Tractor Trailer with reasonable care and with due regard for others.

8. Notwithstanding these duties, Defendant Craig negligently operated the Tractor

Trailer and began to drive forward and pull away from the loading dock while Plaintiff was still loading the paper rolls onto the Tractor Trailer and negligently failed to warn Plaintiff that Defendant Craig intended to pull away from the dock. Defendant Craig's negligent operation of the Tractor Trailer caused Plaintiff's forklift and Plaintiff to fall off of the loading dock and crash onto the pavement, severely injuring the Plaintiff.

9. Defendant Craig's negligence includes but is not limited to the following:

    a. Failing to keep a proper lookout;

    b. Failing to exercise proper control over his vehicle;

    c. Failing to warn Plaintiff that Defendant Craig intended to drive away from the loading dock;

    d. Failing to ensure that Plaintiff was aware that Defendant Craig intended to drive away from the loading dock so Plaintiff could move to a place of safety;

    e. Failing to use reasonable care to ensure that Plaintiff had safely exited the back of the Tractor Trailer when Defendant Craig began to drive away;

    f. Failing to exit the cab of the Tractor Trailer to confirm that Plaintiff and any other employees had completed loading and safely exited the trailer.

10. As a direct and proximate cause of the Defendants' negligence, Plaintiff sustained serious and permanent injuries; has been prevented from transacting his business; has suffered lost income and loss of earning capacity; has suffered and will continue to suffer great pain of body and mind and inconvenience; and has incurred and will incur medical expenses and other related expenses in an effort to be cured of his injuries.

WHEREFORE, Plaintiff, Sherwood A. Mason, moves the Court for judgment against Defendants, jointly and severally, in the amount of $4,750,000.00 in compensatory damages, together with pre-judgment and post-judgment interest thereon from August 22, 2018, his costs expended in this action, and such other relief that is just and proper under the circumstances.

**TRIAL BY JURY IS DEMANDED.**

SHERWOOD A. MASON

By: _____
Of Counsel

S. Geoffrey Glick, Esquire (VSB#: 28800)
Jason M. Hart, Esquire (VSB #: 76818)
The Joel Bieber Firm
6806 Paragon Place, Suite 100
Richmond, Virginia 23230
(804) 358-2200
(804) 358-2262 (Facsimile)
*Counsel for Plaintiff*